UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELSIUS NETWORK LIMITED,

                     Petitioner,

-against-

MAWSON INFRASTRUCTURE GROUP INC. and LUNA SQUARES LLC,

                     Respondents.

Case No. _____

---

**PETITION TO CONFIRM**
**PARTIAL FINAL ARBITRATION AWARDS AND ENTER JUDGMENT THEREON**

1.      Petitioner Celsius Network Limited ("**Celsius**"), acting by and through the Blockchain Recovery Investment Consortium, LLC, as Complex Asset Recovery Manager and Litigation Administrator for Celsius Network LLC and its Affiliated Post-Effective Date Debtors, petitions this Court pursuant to 9 U.S.C. § 207 to confirm the Partial Final Awards issued in New York, New York against Respondent Luna Squares LLC ("**Luna**") on January 23, 2025 (the "**January Award**") and February 27, 2025 (the "**February Award**") and the Partial Final Award against Respondent Mawson Infrastructure Group, Inc. ("**Mawson**") issued in New York, New York on April 14, 2025 (the "**April Award**" and, together with the January Award and February Award, the "**Partial Final Awards**"), and to have judgment entered against Respondents Luna and Mawson. In support of this Petition, Petitioner relies upon the Notice of Petition to Confirm Partial Final Arbitration Awards and Enter Judgment Thereon, the Memorandum of Law in Support of the Petition to Confirm Partial Final Arbitration Awards and Enter Judgment Thereon, and the Declaration of Keith H. Wofford ("**Wofford Decl.**"), filed concurrently herewith.

## I.    INTRODUCTION

2. This action arises under the Federal Arbitration Act (the "**FAA**"), 9 U.S.C. § 1, *et seq.* and Chapter 2 thereof, 9 U.S.C. § 201 *et seq.*, which implements the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**"). Celsius asks this Court to confirm and enter judgment upon the Partial Final Awards issued by the Tribunal, which was duly appointed to resolve a dispute between Petitioners and Respondents.

## II.    THE PARTIES

3. Celsius is a limited company formed under the laws of England and Wales with its registered offices in London, England.

4. Mawson is a corporation incorporated under the laws of the state of Delaware with principal offices in Midland, Pennsylvania. Mawson Infrastructure Group Inc. is the parent company of Luna and Cosmos Infrastructure LLC ("**Cosmos**" and, collectively with Mawson and Luna, the "**Mawson Entities**").

5. Luna is a limited liability company formed under the laws of the state of Delaware with principal offices in Midland, Pennsylvania.

## III.    JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331, as this is a civil action seeking confirmation of an award rendered in an arbitration falling under the New York Convention and FAA, and therefore, arises under the laws and treaties of the United States.

7. This Court has personal jurisdiction over Mawson and Luna because the parties agreed to conduct the underlying arbitration in New York, New York. *See Absolute Nev., LLC v.*

*Grand Majestic Riverboat Co., LLC*, 2022 U.S. Dist. LEXIS 225482, *24-25 (S.D.N.Y. Dec. 14, 2022) ("An agreement to resolve disputes by arbitration in New York constitute[s] consent to personal jurisdiction in New York.") (citations omitted).  Mawson and Luna fully participated in the Arbitration seated in New York, New York, which resulted in the Partial Final Awards rendered in this District.

8.      Venue in this Court is proper pursuant to 9 U.S.C. § 204 because the parties agreed to conduct the underlying arbitration in New York, New York.

### IV.     FACTUAL BACKGROUND

9.      The arbitration between the Petitioners and Respondents concerns disputes arising out of three agreements: a Customer Equipment Co-Location Agreement by and between Luna and Celsius Mining LLC ("**Celsius Mining**") dated February 23, 2022 ("**Co-Location Agreement**"); a Secured Promissory Note issued by Luna for the benefit of Celsius Mining dated February 23, 2022 (the "**Note**"); and a Guaranty and Security Agreement by and among Celsius Mining and the Mawson Entities dated February 23, 2022 (the "**Guaranty**" and, together with the Co-Location Agreement and the Note, the "**Agreements**").  Wofford Decl., Exs. 1, 2, 3.  Effective as of February 23, 2022, Celsius Mining assigned to Celsius all its rights, title and interest in the Note and the Guaranty.  Wofford Decl., Ex. 4.

10.     On November 21, 2023, Celsius Mining LLC commenced an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") against the Mawson Entities for breaches of the Note, the Guaranty, and the Co-Location Agreement (the "**Adversary Proceeding**").  Wofford Decl., ¶ 9.

11.     The Mawson Entities moved to compel arbitration of all claims asserted in the Adversary Proceeding.  The Mawson Entities argued that all claims under the Agreements were

3

subject to arbitration by virtue of the arbitration clause in the Co-Location Agreement. On February 27, 2024, the Bankruptcy Court granted the Mawson Entities' motion to compel arbitration in part, holding that claims under the Co-Location Agreement were subject to arbitration, while claims under the Note and Guaranty were not. Wofford Decl., ¶ 10.

12. On appeal by the Mawson Entities, the District Court for the Southern District of New York (McMahon, J.) vacated the Bankruptcy Court's order and held that all of the claims asserted in the Adversary Proceeding must be sent to arbitration, including any claims relating to the Note and Guaranty, for a determination of (at a minimum) arbitrability. Celsius Mining did not appeal this decision of the District Court. Wofford Decl., ¶ 11.

13. Together with Celsius Mining and Ionic Digital Mining LLC ("**Ionic**"), Celsius initiated arbitration proceedings against the Mawson Entities on July 12, 2024 pursuant to the arbitration clause in the Co-Location Agreement. Wofford Decl., ¶ 12.

14. The Tribunal comprises a sole arbitrator, Richard L. Mattiaccio.

15. On July 13, 2024, Celsius, together with Celsius Mining and Ionic, filed an amended complaint in the Adversary Proceeding, which was substantially identical to the demand for arbitration filed on July 12, 2024. The Adversary Proceeding is stayed pending the disposition of the arbitration proceedings. Wofford Decl., ¶ 13.

## V.    THE ARBITRATION AWARDS

16. The Partial Final Awards resolved the disputes between the parties regarding Luna's liability for obligations to Celsius under the Note and Mawson's liability for obligations to Celsius under the Guaranty.

### A.    <u>The January Award</u>

17. On January 23, 2025, the Tribunal issued the January Award. Wofford Decl., Ex. 5.

18. The January Award was made in New York, New York.  Wofford Decl., Ex. 5.

19. The January Award held that:

   (a) Claimant Celsius Network Limited's dispositive motion is granted.

   (b) Claimant Celsius Network Limited is entitled to be paid, and is hereby awarded against Respondent Luna Squares LLC, the sum of US$8,144,000.00 plus interest accruing at the rate of US$3,167.11 per diem each day from and after August 23, 2023, until the date of this Partial Final Award (the "**Note Amount**").

   (c) The Note Amount shall bear post-Award interest at the rate of US$3,167.11 per diem beginning on the day this Partial Final Award is issued and continuing until (a) all such amounts have been paid in full to Celsius Network Limited, or (b) this Partial Final Award is merged into a judgment of an appropriate court.

   (d) It is hereby declared that, because the Note requires Luna Squares LLC to make payments on the Note without setoff or counterclaim, Respondent Luna Squares LLC's counterclaims against Celsius Network Limited are not a defense to liability under or enforcement of the Note.

   (e) It is hereby declared that Claimant Celsius Network Limited is entitled to recover against Respondent Luna Squares LLC the attorneys' fees, costs and expenses reasonably incurred from and after August 23, 2023, to enforce rights under the Note.

   (f) Respondent Luna Squares LLC shall pay the Award Amount to Celsius Network Limited no later than 30 days after the Partial Final Award has been transmitted electronically to the Parties.

Wofford Decl., Ex. 5 (citations omitted).

20. The January Award is "final in respect of the matters addressed herein and is enforceable and confirmable in an appropriate court."  Wofford Decl., Ex. 5.

21. The January Award was due to be paid by Luna no later than February 23, 2025. Wofford Decl., ¶ 6.  Luna did not pay and portion of the January Award by such date and has not paid any portion of such award as of the date hereof.  *Id*.

   **B.** **The February Award**

22. On February 27, 2025, the Tribunal issued the February Award.  Wofford Decl., Ex. 6.

23. The February Award was made in New York, New York. Wofford Decl., Ex. 6.

24. The February Award held that:

   (a) Claimant Celsius Network Limited's Fee Award Application is granted in part and denied in part.

   (b) Claimant Celsius Network Limited is entitled to be paid, and is hereby awarded against Respondent Luna Squares LLC, the sum of US$641,000.00 for attorneys' fees, costs and expenses reasonably incurred from and after August 23, 2023, to enforce its rights under the Note (the "**Fee Award Amount**").

   (c) Respondent Luna Squares LLC shall pay the Fee Award Amount to Celsius Network Limited no later than 30 days after this Partial Final Award has been transmitted electronically to the Parties.

   (d) Claimant Celsius Network Limited is not entitled to recover pre-award interest on the Fee Award Amount.

   (e) Post-award interest on the Fee Award Amount shall run in favor of Celsius Network beginning on the thirty-first day after this Partial Final Award has been transmitted electronically to the Parties, at the annual rate of nine percent (9%) simple interest.

Wofford Decl., Ex. 6 (citations omitted).

25. The February Award is "final, enforceable and confirmable in accordance with its terms in any appropriate court." Wofford Decl., Ex. 6.

26. The February Award was due to be paid by Luna no later than March 26, 2025. Wofford Decl., ¶ 7. Luna did not pay and portion of the February Award by such date and has not paid any portion of such award as of the date hereof. *Id*.

   **C.   The April Award**

27. On April 14, 2025, the Tribunal issued the April Award. Wofford Decl., Ex. 7.

28. The April Award was made in New York, New York. Wofford Decl., Ex. 7.

29. The April Award held that:

   (a) Claimant Celsius Network Limited's dispositive motion is granted.

   (b) Claimant Celsius Network Limited is entitled to be paid, and is hereby awarded

6

        against Respondent Mawson Infrastructure Group, (a) the sum of US$8,144,000.00 plus (b) interest accruing at the rate of US$3,167.11 per diem each day from and after August 23, 2023, until the date of this Partial Final Award (the "**Guaranty Amount**").

    (c) Claimant Celsius Network Limited is entitled to be paid, and it is hereby awarded against Respondent Mawson, the sum of $641,000 plus interest accruing at the rate of 9% simple interest from and after March 30, 2025 (the "**Note Fees and Costs Amount**") (together with the Guaranty Amount, the "**Award Amount**").

    (d) The Guaranty Amount shall bear post-Award interest at the rate of US$3,167.11 per diem beginning on the day this Partial Final Award is issued and continuing until (a) all such amounts have been paid in full to Celsius Network Limited, or (b) this Partial Final Award is merged into a judgment of an appropriate court.

    (e) It is hereby declared that, because the Guaranty requires Mawson to make payments on the Guaranty without setoff or counterclaim, Respondent Mawson's counterclaims against Celsius Network Limited are not a defense to liability under or enforcement of the Guaranty.

    (f) It is hereby declared that Claimant Celsius Network Limited is entitled to recover against Respondent Mawson attorneys' fees, costs and expenses reasonably incurred in preparing and submitting this dispositive motion on the Guaranty to the Tribunal, in an amount to be determined in further arbitral proceedings.

    (g) Respondent Mawson shall pay the Award Amount to Celsius Network Limited no later than 30 days after this Partial Final Award has been transmitted electronically to the Parties.

Wofford Decl., Ex. 7 (citations omitted).

    30.    The April Award is "final in respect of the matters addressed herein and is enforceable and confirmable in an appropriate court." Wofford Decl., Ex. 7.

    31.    The April Award was due to be paid by Mawson no later than May 15, 2025. Wofford Decl., ¶ 8. Mawson did not pay and portion of the April Award by such date and has not paid any portion of such award as of the date hereof. *Id*.

## VI.    PETITIONER IS ENTITLED TO RELIEF

    32.    Pursuant to 9 U.S.C. § 207, Celsius is entitled to confirmation of the Partial Final Awards and entry of judgment in conformity with them.

7

33. Accordingly, Celsius hereby respectfully requests confirmation of the Partial Final Awards, entry of judgment in conformity with them, and any other relief the Court deems appropriate.

[*Remainder of page left blank intentionally*]

Dated: October 7, 2025
      New York, New York

/s/ *Keith H. Wofford*

**WHITE & CASE LLP**
Keith H. Wofford
Ryan Ulloa (*pro hac vice* forthcoming)
W. Dylan Fay (*pro hac vice* forthcoming)
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: kwofford@whitecase.com
      ryan.ulloa@whitecase.com
      dylan.fay@whitecase.com

-and-

Stephen Moeller-Sally
75 State Street, 24th Floor
Boston, MA 02109
Telephone: (617) 979-9300
Facsimile: (617) 979-9301
Email: ssally@whitecase.com

*Counsel to Celsius Network Limited*